**In the United States District Court
for the District of Kansas**

―――――――

Case No. 23-cv-02113-TC

―――――――

RONALD E. BROWN,

*Plaintiff*

v.

KU FAMILY MED., ET AL.,

*Defendant*

―――――――

## ORDER

Plaintiff Ronald Brown filed this pro se action in March 2023, alleging medical malpractice against Defendant KU Family Medicine and two doctors employed there, Defendants Aundria Eoff and Margaret Smith. Doc. 1 at 1–3. On March 15, 2023, Brown was ordered to show cause why his action should not be dismissed for lack of subject-matter jurisdiction. Doc. 5.

That Order was entered because federal courts have an independent obligation to satisfy themselves of their own subject-matter jurisdiction, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011), and must "dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking," *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (citation omitted). The party invoking a federal court's jurisdiction bears the burden of proving it exists. *Id.*

Brown timely filed an Amended Complaint and Civil Cover Sheet. Docs. 10 & 11, but the Amended Complaint continues to suffer from the same jurisdictional defects. Brown's Amended Complaint merely changes the name of one of the defendants from KU Family Medicine to University of Kansas Hospital Authority and adds another physician—Keith Grenir. *Compare* Doc. 1 at 1, 2 *with* Doc. 10 at 1, 2. As before, Brown alleges that he is a citizen of Kansas and that the "first-

named" and "second-named" defendants are incorporated in Kansas. Doc. 10 at 2. That means Plaintiff and at least two defendants are Kansas citizens. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (observing that "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located") (citing 28 U.S.C. § 1332(c)(1)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). As a result, Brown cannot show complete diversity between the parties as required to establish diversity jurisdiction. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Brown's motion to supplement, Doc. 12, is denied as moot.

It is so ordered.

Date:  April 19, 2023                     s/ Toby Crouse
                                          Toby Crouse
                                          United States District Judge